UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 13-13259-GAO |
| ) | |
| BOSTON RED SOX, ) | |
| FENWAY SPORTS MANAGEMENT ) | |
| LARRY LUCCHINO ) | |
| DAVID FRIEDMAN ) | |
| DR. CHARLES STEINBERG ) | |
| TOM WERNER ) | |
| JOHN HENRY ) | |
| SAM KENNEDY ) | |
| RASKY BAERLEIN STRATEGIC ) | |
|     COMMUNICATIONS, INC. ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

ORDER ON INITIAL PENDING MOTIONS

February 5, 2014

SOROKIN, C.M.J.

In an electronic order dated January 31, 2014, the district judge presiding over this case referred the matter to the undersigned magistrate judge for full pretrial management as well as for report and recommendations on any dispositive motions. Presently, several motions are pending before the Court.

The Pro Se Plaintiff requests leave of Court so that he may file his motions and other pleadings electronically using the Electronic Case Filing system ordinarily available only to

1

licensed attorneys.  Doc. No. 181.  The Court ALLOWS the foregoing request subject to the following conditions: (a) Plaintiff must comply with all rules governing use of the ECF system; (b) Plaintiff bears responsibility for contacting Ginny Hurley of the Clerk's Office to obtain log-in information for the system; and (c) Plaintiff, or his friend, but in no event the Court, must bear the ordinary charges that apply to the use of the ECF system.  In the same motion, Plaintiff also requests permission to appear by telephone because he lives in Hawaii.  Doc. No. 181.  This request is ALLOWED IN PART AND DENIED IN PART.  Plaintiff shall appear in person at any trial or evidentiary hearing in this matter, unless specifically excused in writing by the judicial officer presiding over the hearing or trial.  However, at other proceedings Plaintiff may appear by telephone unless the presiding judicial officer directs otherwise.  Accordingly, the Court ALLOWS IN PART AND DENIES IN PART the foregoing requests.

       The Pro Se Plaintiff has filed a motion to have subpoenas issued and served by the United States Marshal's Office.  Doc. No. 174.  This Motion is DENIED WITHOUT PREJUDICE.  Discovery will not commence until after resolution of the pending motions to dismiss (see below).  Moreover, insofar as Plaintiff seeks discovery from the Defendants, at the appropriate time and pursuant to the Rules of Civil Procedure, he may do so by serving on counsel, by mail, requests for production of documents or other similar discovery tools rather than subpoenas served by the Marshals.

       The Pro Se Plaintiff has filed a motion for sanctions, Doc. No. 183, contending that the Defendants have violated a preservation order issued by the magistrate judge in Hawaii.  Plaintiff points to the removal from a public website of a press release Plaintiff contends relates to the case.  This does not evidence violation of the preservation order.  The Order did not

preclude changes to websites, it required <u>preservation</u> of documents so that Plaintiff would have an opportunity to obtain the documents during discovery.  <u>See</u> Doc. No. 42 at 4.  The Court reminds the Defendants it expects compliance with the preservation order.  Accordingly, the Motion for Sanctions is DENIED.

 Red Sox related Defendants (all defendants other than Rasky and the Doe defendants) have filed a combined motion to dismiss. Doc. No. 177. The Rasky Defendant has filed its own motion to dismiss.  Doc. No. 179.  Plaintiff has filed an opposition to both motions.  These pleadings are under review.

        SO ORDERED.

          /s/ Leo T. Sorokin
        Leo T. Sorokin
        Chief U.S. Magistrate Judge