UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13259-GAO

BRIAN EVANS,
Plaintiff,

v.

BOSTON RED SOX, FENWAY SPORTS MANAGEMENT, LARRY LUCCHINO, DAVID FRIEDMAN, DR. CHARLES STEINBEERG, TOM WERNER, JOHN HENRY, SAM KENNEDY, RASKY BAERLEIN STRATEGIC COMMUNICATIONS, INC., DOES 1-10,
Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION
September 30, 2014

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has filed a Report and Recommendation ("R&R") (dkt. no. 188) with respect to the defendants' motions to dismiss (dkt. nos. 177 and 179). After carefully reviewing the pleadings, the parties' submissions, the R&R, and the plaintiff's objections, I agree with the magistrate judge's analysis and conclusions.

Accordingly, I approve and ADOPT the magistrate judge's recommendation in its entirety. The defendants' Motions to Dismiss (dkt. nos. 177 and 179) are GRANTED. Judgment shall enter for the defendants.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN EVANS,       )<br>                    )<br>    Plaintiff,   )<br>                    )<br>v.                  )<br>                    )<br>BOSTON RED SOX,    )<br>FENWAY SPORTS MANAGEMENT )<br>LARRY LUCCHINO     )<br>DAVID FRIEDMAN     )<br>DR. CHARLES STEINBERG )<br>TOM WERNER         )<br>JOHN HENRY         )<br>SAM KENNEDY        )<br>RASKY BAERLEIN STRATEGIC )<br>    COMMUNICATIONS, INC. )<br>DOES 1-10,         )<br>                    )<br>    Defendants.    )<br>_____) | Civil No. 13-13259-GAO |

## REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS

February 14, 2014

SOROKIN, C.M.J.

Rasky Baerlein Strategic Communications (Rasky) moves to dismiss the Complaint for failure to state a claim. Doc. No. 179. The "Red Sox Defendants" (the remaining defendants other than the Doe defendants) have filed their own motion to dismiss for failure to state a claim. Doc. No. 177. Plaintiff opposes both motions. Doc. No. 182. No party has requested a hearing, and Plaintiff specifically suggested the Court decide the motions on the papers, id. at 1. For the reasons set forth below, I recommend that the Court ALLOW both Motions.

The facts set forth herein are drawn from Plaintiff's Complaint. I have drawn all reasonable inferences from these allegations in Plaintiff's favor.

Plaintiff communicated with various officials or employees of the Red Sox regarding a song he recorded entitled "At Fenway." Doc. No. 1 at 2. These communications culminated in Plaintiff filming a music video at Fenway Park for the song. Id. at 3. The music video is available on YouTube, www.youtube.com, as well as www.brianevans.com. Id. at 4, 9. Plaintiff paid the Red Sox forty thousand dollars for permission to film the video at Fenway. Id. at 3. Shortly thereafter, Plaintiff suffered a terrible and devastating loss. His mother died unexpectedly after routine knee surgery performed at Holy Family Hospital in Methuen, Massachusetts, which is a part of the Steward Health Care System. Id. Since, Plaintiff has been seeking "justice" for his mother's death—he created a website to bring to light the alleged culpability of Holy Family Hospital, id.; he dedicated the music video to his mother, id. at 9; and he filed a lawsuit in District of Hawaii against the hospital, Steward, and numerous related parties, Evans v. Cerberus Capital Mgmt., No. 13-cv-13271 (D. Mass. transferred Dec. 26, 2013).

In his Complaint in this action, Plaintiff contends that, in retaliation for his efforts to seek justice for his mother, the Defendants have "torpedo[ed]" and destroy[ed]" his music video and the relationships he was developing to capitalize on the video. Doc. No. 1 at 5. Plaintiff alleges a nexus between Steward and the Red Sox in Rasky, which is the public relations firm for both entities, id. at 3, and that Plaintiff's allegations against Steward's member hospital precipitated the actions of Rasky and the Red Sox Defendants, id. at 3-4. Although the Complaint contains no separately identified counts, fairly and liberally read, it alleges claims for breach of contract,

2

fraud, intentional inflection of emotional distress, and intentional interference with economic advantage. The legal issues raised by the Complaint are discussed below.

I. DISCUSSION

A. Legal Standard Governing Motions to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted). This highly deferential standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A court's assessment of the pleadings is "context-specific" requiring "the reviewing court to draw on its judicial experience and common sense." Id. at 679; accord Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B. Federal Rules of Civil Procedure Rule 8 and 10

The Rules of Procedure require a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff's Complaint fails to comply with this Rule. The Rules also direct that a claim for relief "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As set forth in the discussion that follows, the Complaint also fails to comply with this requirement. The usual remedy for failure to comply would be an opportunity to amend to bring the Complaint into compliance with the Rules of Civil Procedure, in this case, however, for other reasons, I recommend dismissal. See infra.

C. The Complaint Lacks Factual Allegations Regarding Most of the Defendants

The Complaint, other than in the caption, fails to advance any allegations regarding Defendant Tom Werner or Defendant Fenway Sports Management.

The Complaint, other than in the caption, mentions Defendant John Henry only briefly. Page six of the Complaint contains the allegation that Plaintiff engaged in "numerous" conversations with Henry "which further cement Plaintiff's expectations and beliefs." Doc. No.

4

1 at 6. Similarly, the Complaint mentions Defendant Sam Kennedy only once, when it is alleged he appeared on a radio show and the hosts failed to ask him a single question regarding Plaintiff's video even though prior to Kennedy's appearance the hosts had "blasted the music video as terrible." Id. at 8. The Complaint contains only slightly more substantial references to Defendant Lucchino. He allegedly "is often at events with" the CEO of the Steward Health Care System, and he wrote an email attached to the Complaint, in which he said "It [the song] is awfully nice. Let's find a way to make good use of it." Id. at 2; Doc. No. 1-1.

Regarding Defendant Steinberg, the Complaint makes the same allegations as those set forth against Defendant Henry, and includes the allegation that Steinberg "took aim at Plaintiff," without any further factual allegations, Doc. No. 1 at 9, and various attacks on Steinberg's taste or judgment, see e.g., id. at 8. ("'Steinberg is living in a fairy tale and doesn't understand why 17 year olds don't appreciate John Williams.'")

In light of the utter absence of factual allegations regarding these defendants at all, let alone setting forth the basis for one or more legal claims, I recommend that the Court ALLOW the Red Sox Defendants' Motion to Dismiss All Claims against Werner, Fenway Sports Management, Henry, Lucchino, Kennedy, and Steinburg.

I turn now to the claims against the remaining defendants: the Boston Red Sox, Friedman, and Rasky.

D. Breach of Contract

To state a claim for breach of contract, Plaintiff must allege sufficient facts to make out the following elements: 1) the existence of a binding contract, 2) Defendants breached the terms of that contract, and 3) Plaintiff sustained damages as a result of the breach. Brooks v. AIG

SunAmerica Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007).

Not only does the Complaint fail to allege, include, or cite to any written contract, the Complaint fails to describe any contract between any of the parties whatsoever. Nor does the Complaint describe any obligations any Defendant owed Plaintiff under any contract. There is reference in the Complaint to a May 16, 2011 letter from Friedman on behalf of the Red Sox to Plaintiff in which Friedman and another Red Sox employee stated:

> Thank you for sharing your song "At Fenway" with us. We like the song and are interested in exploring ways to use it here at the ballpark. You have our permission to contact other artists, performers and producers to develop a video for potential production. We look forward to further discussions.

Doc. No. 1-2 at 2.

This letter, however, does not create contractual obligations between Plaintiff and anyone. At most, it is an expression of interest in further discussions and an authorization to contact others. The Complaint paints the picture of Plaintiff's dissatisfaction that the further discussions with the Red Sox never resulted in any sort of agreement to use or to promote Plaintiff's music video. In the absence of allegations setting forth even the existence of a contract, Plaintiff fails to state a breach of contract claim against any Defendant. See Doyle v. Hasbro, Inc., 103 F.3d 186, 194-95 (1st Cir. 1996). Accordingly, I recommend that the Court ALLOW both motions as to the breach of contract claim.

E.  Fraud

To bring a fraud claim under Massachusetts law, Plaintiff must allege that a "defendant made a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [his] damage." Masingill v. EMC Corp., 870 N.E.2d 81, 88 (Mass. 2007).

The Complaint fails to state claim for fraud. It simply does not allege the elements of a fraud under Massachusetts law.[1]

In addition, any claim of fraud must comply with Federal Rule of Civil Procedure Rule 9(b) requiring a party to state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with this rule, a plaintiff generally must allege the "who, what, where and when" of any allegedly false statements. Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004). This the Complaint does not do. Accordingly, I recommend that the Court ALLOW both motions as to the fraud claim.

F.  Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under Massachusetts law, a complaint must show "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." McCormack v. Town of Whitman, No. 10-cv-10461-PBS, 2013 WL 1187093, at *15 (D. Mass. Mar. 20, 2013) (quoting Roman v. Trs. of Tufts College, 964 N.E.2d 331, 341 (Mass. 2012)).

In this case, the question is whether the Complaint contains sufficient non-conclusory allegations that Defendants intentionally engaged in conduct causing harm to Plaintiff by

---

[1] While Plaintiff may have relied upon the positive expressions from Lucchino and Friedman regarding the possibility of a future relationship, nothing in the Complaint alleges that those statements were false when made and stated with knowledge of the falsity for the purpose of inducing Plaintiff to act. Indeed, in his opposition, Plaintiff suggests that when the Red Sox season fell apart in September 2011, the executives shifted their focus away from involvement in Plaintiff's music video and toward issues arising out of the team's on-field performance. Doc. No. 182 at 4.

7

"trashing"or otherwise undermining his music video or the potential beneficial relationships related to the video. The Complaint lacks the necessary allegations. While the Complaint does allege various shows "banned" Plaintiff or criticized his video and other media outlets declined to promote it, the Complaint fails to contain sufficient factual allegations linking any Defendant to this conduct. That Rasky represents, for public relations purposes, both the Red Sox and the company sued by Plaintiff is an insufficient basis, even for pleading purposes, to state a plausible claim. The other allegations of the Complaint are insufficient to alter this conclusion.[2] Neither the failure of the music video to obtain the commercial success for which Plaintiff hoped nor the Red Sox's failure to promote the video in the manner he wished are sufficient allegations to support a claim for intentional infliction of emotional distress. Insofar as Rasky or any other Defendant expressed its own, negative opinion of Plaintiff's music video, this expression of relative artistic merits cannot constitute the "extreme and outrageous" conduct necessary to support the claim. See Yohe v. Nugent, 321 F.3d 35, 42 (1st Cir. 2003). Accordingly, I recommend that the Court ALLOW both Motions to Dismiss as to the intentional infliction of emotional distress claim.

G.   Tortious Interference with Advantageous Business Relations

To state this claim, Plaintiff must allege "(1) the existence of a contract or a business relationship which contemplated economic benefit; (2) the defendant['s] knowledge of the contract or business relationship; (3) the defendant['s] intentional interference with the contract

---

[2] For example, the Complaint alleges that IP addresses of both the Red Sox and Rasky registered as visiting the website Plaintiff created to honor his mother, Doc. No. 1 at 4; Lucchino "is often at events" with Steward Health Care System's CEO, id. at 3; and the Red Sox purchase advertising from various media outlets, id. at 4.

8

or business relationship for an improper purpose or by improper means; and (4) damages." Pure Distrib., Inc. v. Baker, 285 F.3d 150, 157 (1st Cir. 2002) (quoting Swanset Dev. Corp. v. Taunton, 668 N.E.2d 333, 338 (Mass. 1996)). Plaintiff seems to assert that some or all of the Defendants, offended by or in retaliation for Plaintiff's attacks on the Steward Health Care System, interfered by improper means with Plaintiff's actual or contemplated relationship with the Red Sox or potential sponsors or advertisers.

This claim is without merit. First, the Complaint simply fails to allege sufficient facts (as opposed to conclusory allegations) to render this claim plausible. Second, the Complaint lacks allegations of any acts of interference by Defendants. Other than some conclusory allegations, no factual allegations support the conspiracy that Rasky, for Steward, set out to and did interfere with Plaintiffs' contemplated economic relationships with the Red Sox, sponsors, and various media outlets. Accordingly, I recommend that the Court ALLOW both Motions to Dismiss as to the tortious interference with advantageous business relations claim.

## II. CONCLUSION

For the foregoing reasons, I recommend that the Court ALLOW the Red Sox Defendants' Motion to Dismiss (Doc. No. 177) and Rasky's Motion to Dismiss (Doc. No. 179). Because the Complaint contains no specific allegations regarding the Doe defendants listed in the caption, if the Court accepts my recommendation on the pending Motions, I further recommend that the Court enter a Judgment of Dismissal of this action.[3]

/s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[3]The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).